F51KISLS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                                    11 CR 614 (VM)

MARUFAL ISLAM,

             Defendant.

------------------------------x

                                    New York, N.Y.
                                    May 1, 2015
                                    1:20 p.m.

Before:

                  HON. VICTOR MARRERO,

                             District Judge

                     APPEARANCES

PREET BHARARA,
    United States Attorney for the
    Southern District of New York
RACHEL MAIMIN
    Assistant United States Attorney

JOSHUA LEWIS DRATEL
    Attorney for Defendant

F51KISLS

1          THE COURT:  This is a proceeding in the matter of
2     United States versus Islam.  It's Docket No. 11 CR 0614.
3          Counsel, please enter your appearances for the record.
4          MS. MAIMIN:  Good afternoon, your Honor.  Rachel
5     Maimin, for the government.
6          MR. DRATEL:  Good afternoon, your Honor.  Joshua
7     Dratel, for Mr. Islam, who is seated beside me.
8          THE COURT:  Good afternoon.  Welcome.
9          The Court scheduled this proceeding as the sentencing
10    of the defendant in this matter.  I have read and reviewed the
11    presentence investigation report dated December 10, 2014,
12    prepared in connection with today's sentencing of Mr. Islam, as
13    well as the submission from defense counsel dated April 23rd,
14    2015.  I have also read and reviewed the government's letter
15    dated March 20, 2015, bringing to the Court's attention the
16    defendant's substantial assistance to the government in the
17    investigation and prosecution of other persons and stating the
18    government's intent to move the Court to sentence the defendant
19    in light of the factors set forth in Section 5K1.1 of the
20    sentencing guidelines.
21         Ms. Maimin, has the government read and reviewed the
22    presentence report?
23         MS. MAIMIN:  We have.
24         THE COURT:  Does the government have any objections to
25    the report to raise at this point?

1              MS. MAIMIN:  No, your Honor.
2              THE COURT:  Thank you.
3              Mr. Dratel, have you read and reviewed the presentence
4     report?
5              MR. DRATEL:  Yes, your Honor.
6              THE COURT:  Have you discussed it with your client?
7              MR. DRATEL:  Yes, your Honor.
8              THE COURT:  Do you have any objections to the report
9     to raise at this point?
10             MR. DRATEL:  No, your Honor.
11             THE COURT:  Thank you.
12             Mr. Islam, please rise.
13             Have you read and reviewed the presentence report?
14             THE DEFENDANT:  Yes.
15             THE COURT:  Have you discussed it with your attorney?
16             THE DEFENDANT:  Yes.
17             THE COURT:  Thank you.  You may be seated.
18             On December 2, 2011, Mr. Islam pled guilty before
19    Magistrate Judge Gorenstein to Counts One and Two of
20    Superseding Information S2:11 CR 0614.  Count One charged him
21    under 18 U.S.C. Section 1546(a) with visa fraud.  Count Two
22    charged him under 8 U.S.C. Section 1324(a)(1)(a)(ii), (iii),
23    (iv) and (v), with conspiracy to conspiracy to transport,
24    harbor, and induce the entry of illegal aliens into the United
25    States.

1          The Court has reviewed the transcript of defendant's
2    guilty plea and now accepts the plea as having been entered
3    knowingly, and voluntarily, and with a factual basis.
4          Ms. Maimin, does the government have any additional
5    comments or motions for the Court's consideration in connection
6    with sentencing?
7          MS. MAIMIN:  We do, your Honor.  We respectfully move
8    the Court to sentence the defendant in light of the factors set
9    forth in Section 5K1.1 of the sentencing guidelines.
10         THE COURT:  Thank you.
11         Mr. Dratel, do you have any additional comments with
12   regard to sentencing for the Court's consideration?
13         MR. DRATEL:  Well, thank you, your Honor.  Obviously
14   we submitted a letter, and I know the Court has reviewed it.
15   And obviously in light of the government's 5K letter, in light
16   of the other factors, 3553(a), I would ask the Court for a
17   sentence of probation.
18         In addition, which I guess is not really spelled out
19   in our letter, is that this case has been going on for quite
20   some time, and I think that in the context of that time frame,
21   which is, I think, almost four years now, it gives the Court a
22   projection as to the nature of the defendant and what he will
23   be doing in the future, just as he's done in the last four
24   years, which is essentially to be a law-abiding person who has
25   put this behind him and accepts responsibility, who did so at

1  an extraordinarily early stage in the process in a way that was
2  very helpful, obviously, to the government.
3        The only other thing I wanted to talk about was just
4  the fine.  I don't know if the Court intends to fine Mr. Islam.
5  We would just ask either if you don't fine him or as low a fine
6  as possible for a couple of reasons.  One is the impact will
7  not just be on Mr. Islam, it will be on his family obviously
8  because he is so much part of the financial support.  The other
9  aspect is that this is not a restitution type offense where
10 there was a loss, this is about a gain in a sense, and the gain
11 was a very low amount over time that was not of the character
12 that changed his lifestyle, it was about more than sort of
13 paying the bills on an ongoing basis.  So that's just the
14 position on that.
15       And I think that within the structure of the whole
16 case and the Court sentences in the case, I think probation
17 fits very neatly within that context.
18       Unless the Court has any questions, I think it's all
19 spelled out in the letter, so I don't want to belabor it.
20       THE COURT:  Thank you.
21       MR. DRATEL:  Also, I just point out that Ms. Islam is
22 here, the defendant's wife is here.
23       THE COURT:  Mr. Islam, please rise.
24       Is there anything you would like to say on your own
25 behalf before the Court imposes sentence?

1        THE DEFENDANT:  No.

2        THE COURT:  Thank you.  Be seated.

3        In accordance with the decision by the United States Supreme Court in the United States versus Booker, while the United States Sentencing Guidelines are not mandatory, this Court nonetheless must consult those guidelines and take them into account when sentencing.  Therefore, the Court has considered the findings of fact stated in the presentence report, as well as the guidelines analysis, and the recommendations contained therein.  The Court has weighed this information along with the factors listed in 18 U.S.C. Section 3553(a) in coming to its final sentencing decision in this case.

The Court adopts the factual recitation in the presentence investigation report.  Therefore, the Court finds that under the guidelines, Mr. Islam's offense level amounts to 15, and his criminal history category falls into category I.  The recommended range of imprisonment for that offense level and criminal history category is 18 to 24 months' imprisonment for each count.

The PSR recommends a sentence of one year and one day, or 366 days per count, to run concurrently.

The Court has considered the government's letter detailing the nature and extent of the defendant's assistance in light of the factors set forth in Section 5K1.1 of the

1   sentencing guidelines.  The Court grants the government's
2   motion for a downward departure.
3           The Court takes note that the government has evaluated
4   Mr. Islam's cooperation to be significant, truthful, complete,
5   timely, and reliable.  Mr. Islam reportedly began cooperating
6   almost immediately upon being approached by law enforcement,
7   even prior to being arrested.
8           Mr. Islam participated in lengthy briefings and took
9   multiple proactive investigative steps, including making a
10  monitored phone call and wearing a body wire on two occasions,
11  putting himself and his family in danger.
12          The information Mr. Islam provided to the government
13  was useful in securing the guilty pleas of 20 other defendants,
14  and particularly defendants who are organized crime figures and
15  leaders.
16          The Court recognizes that Mr. Islam's cooperation over
17  the past several years has contributed significantly to the
18  government's ability to obtain dispositions and investigate
19  numerous other defendants involved in the conspiracy.
20  Accordingly, the Court finds that under the guidelines, a
21  downward departure is warranted in this case when considering
22  all of the factors set forth in Section 5K1.1 of the sentencing
23  guidelines.
24          Subsection (a)(1) of 18 U.S.C. Section 3553 requires
25  that courts take into consideration the nature and

1   circumstances of the offense, and the history, and
2   characteristics of the defendant.  Subsection (a)(2) of 18
3   U.S.C. 3553 requires that the Court consider the need for the
4   sentence to promote certain objectives of the criminal justice
5   system; namely, punishment specific, and general deterrence,
6   and rehabilitation.  Pursuant to Section 3553(a)(6), the Court
7   is also directed to consider the need to avoid unwarranted
8   sentencing disparities among defendants with similar records
9   and similar offenses in other cases as well as in connection
10  with the case at hand.
11           Mr. Islam, please rise.
12           Taking into account the nature and circumstances of
13  the offense, and the history, and characteristics of the
14  defendant, and considering all of the factors listed in 18
15  U.S.C. Section 3553(a), the Court finds that a sentence of
16  three years' probation is reasonable and appropriate, and that
17  such a term is sufficient, but not greater than necessary to
18  promote the proper objectives of sentencing.
19           The Court will also impose a fine of $5,000 which
20  shall be paid in equal monthly installments during the course
21  of the three years of probation to commence within 30 days of
22  the imposition of the sentence.
23           Additionally, you are ordered to pay to the United
24  States a special assessment of $200, which shall be paid --
25  which shall be due immediately.

F51KISLS

1        Ms. Maimin, is there a forfeiture in this case?
2        MS. MAIMIN:  We are not seeking forfeiture, your
3   Honor.
4        THE COURT:  Thank you.
5        Mr. Islam, you must comply with standard conditions 1
6   through 13 of probation and the following mandatory conditions:
7   You shall not commit another federal, state, or local crime;
8   you shall not illegally possess a controlled substance; you
9   shall not possess a firearm or destructive device; you shall
10  cooperate in the collection of DNA as directed by the probation
11  officer.
12       The mandatory drug testing condition is suspended
13  based on the Court's determination that you pose a low risk of
14  future substance abuse.
15       In addition, you shall obey the following special
16  conditions:  You shall provide the probation officer with
17  access to any requested financial information; you shall obey
18  the immigration laws and comply with the directives of the
19  immigration authorities of the United States.
20       Mr. Islam, do you understand each of these conditions?
21       THE DEFENDANT:  Yes, sir.
22       THE COURT:  You shall report to the nearest probation
23  office within 72 hours.  The Court recommends that you be
24  supervised by the district of residence.
25       Sentence as stated is imposed.

1      Let me note that in imposing this sentence, I have
2 taken into account the government's recommendation that the
3 Court sentence the defendant in light of the factors set forth
4 in Section 5K1.1 of the sentencing guidelines based on the
5 defendant's substantial assistance with the government, his
6 cooperation, and the prosecution and investigation of others,
7 which the government found to be useful, truthful, and reliable
8 in every respect, the defendant's willingness to place himself
9 and others at risk in cooperating with the government, his
10 immediate willingness to begin cooperating, and his family
11 support.
12      I have also taken into account the need to avoid
13 unwarranted sentencing disparities among defendants in this
14 case and in others.  The Court notes that in connection with
15 other defendants with similar roles, similar records, and
16 similar offense levels, the Court imposed sentences of
17 probation plus home confinement.  One difference with Mr. Islam
18 is, of course, that unlike the other defendants whom the Court
19 sentenced to probation with home confinement, in this case,
20 Mr. Islam was a cooperator.
21      Mr. Islam, to the extent that you have the right to
22 appeal your sentence, and you are unable to pay the costs of an
23 appeal, you have the right to apply for leave to appeal
24 in forma pauperis, meaning as a poor person.  If you make such
25 a request, the Clerk of Court must immediately prepare and file

F51KISLS

1  a notice of appeal on your behalf.
2          You understand your right to appeal to the extent that
3  it may exist?
4          THE DEFENDANT:  Yes.
5          THE COURT:  Ms. Maimin, are there any remaining counts
6  or underlying indictments that need to be dismissed at this
7  time?
8          MS. MAIMIN:  No, your Honor.
9          THE COURT:  Is there anything else, Mr. Dratel?
10         MR. DRATEL:  No.  Thank you, your Honor.
11         THE COURT:  Thank you.
12         Have a good day and a good weekend.
13         MR. DRATEL:  Thank you.
14         MS. MAIMIN:  You too, Judge.
15         (Adjourned)